## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TERESA LUMAN and MICHAEL D. MARTIN as children and next of kin of Mary Ann Martin, deceased, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. CIV-16-43-M |
| THE UNITED STATES OF AMERICA, ex rel. UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, TODD M. OZDYCH, D.O., and CHICKASAW NATION MEDICAL CENTER, | ) ) ) ) ) ) | |
| Defendants. | ) | |

### ORDER

Before the Court is Defendants United States and Chickasaw Nation Medical Center's ("CNMC") (collectively "Defendants") Motion to Dismiss with Brief in Support, filed July 18, 2016. On August 8, 2016, plaintiffs responded, and on August 10, 2016, Defendants replied. Based on the parties' submissions, the Court makes its determination.

I.  Introduction[1]

Plaintiffs, Teresa Luman and Michael D. Martin, filed this action as the children and next of kin to Mary Ann Martin ("Martin"). Plaintiffs allege that Martin underwent hernia surgery performed by defendant Todd M. Ozdych, D.O. ("Ozdych") on January 8, 2014, at the CNMC. On January 10, 2014, Martin returned to CNMC complaining of a cough and fever and was diagnosed with pneumonia. On January 16, 2014, Martin started having abdominal pain, and a CT scan revealed she had a perforated bowel and sepsis. On January 18, 2014, Martin underwent

---

[1] The alleged facts set forth are taken from plaintiffs' Complaint.

exploratory surgery and a partial bowel resection. Despite antibiotics, IV fluids, and a blood transfusion, Martin's condition deteriorated, and she passed away on January 20, 2014.

Plaintiffs allege that Defendants, including Ozdych, were negligent in their treatment and care of Martin and that Martin's untimely death clearly did not occur in the usual course of everyday conduct. Defendants now move this Court for an order dismissing plaintiffs' Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction. Specifically, Defendants contend that CNMC is an improper defendant under the Federal Torts Claims Act ("FTCA"),[2] and plaintiffs have failed to exhaust their administrative remedies under the FTCA.

II. Standard of Dismissal

"Rule 12(b)(1) motions generally take one of two forms. The moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests." *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074 (10th Cir. 2004) (internal citation omitted). "The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction." *Port City Props. v. Union Pac. R.R. Co.*, 518 F.3d 1186, 1189 (10th Cir. 2008).

Defendants appear to be making a facial attack on plaintiffs' Complaint, and, "therefore, [the Court] review[s] [Rule] 12(b)(1) dismissals under the same standard applicable to the dismissals under [Rule] 12(b)(6)." *Dry v. United States*, 235 F.3d 1249, 1253 (10th Cir. 2000)).

---

[2] Plaintiffs concede that CNMC is an improper party and request leave of Court to amend their Complaint to name the proper party – United States of America ex rel. the United States Department of Health and Human Services on behalf of Chickasaw Nation Medical Center. However, for reasons set forth in this Order, the Court finds that allowing plaintiffs to amend their Complaint to name the proper party would be futile.

2

Regarding the standard for determining whether to dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id.* at 679 (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* at 678 (internal quotations and citations omitted). "While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). Finally, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

III.  Discussion

Defendants contend that plaintiffs failed to exhaust their administrative remedies, as required by the FTCA, prior to filing this lawsuit. The FTCA provides as follows:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). Plaintiffs contend that on January 13, 2016, they issued their Notice of Federal Tort Claim ("Notice"), pursuant to the FTCA, and on July 8, 2016, they received a letter from the Department of Health and Human Services ("DHHS") rejecting their claim.[3]

Having carefully reviewed plaintiffs' Complaint, and presuming all of plaintiffs' factual allegations are true and construing them in the light most favorable to plaintiffs, the Court finds that plaintiffs failed to fully exhaust their administrative remedies required by the FTCA prior to filing this lawsuit. Specifically, the Court finds that plaintiffs filed their Notice on January 13, 2016, and filed this action six days later on January 19, 2016, well before plaintiffs received their claim denial from DHHS on July 8, 2016.[4] While the Court recognizes plaintiffs' concern of filing a timely action against Ozdych, which they still could have done, the fact that plaintiffs

---

[3] Plaintiffs further contend that they filed this lawsuit, prior to receiving a denial or the six month deadline for DHHS to issue a decision, in order to preserve their claim against Ozdych, in the event that Ozdych was not an employee of CNMC.

[4] Defendants contend that January 13, 2016, is the date plaintiffs mailed their Notice; however, plaintiffs' Notice was not effective until February 4, 2016, when the Notice was actually received by DHHS, therefore, this matter was actually filed before plaintiffs' Notice was effective.

4

elected to include the United States as a party before their claim against the United States was ripe requires this Court to dismiss plaintiffs' claims against the United States for lack of subject matter jurisdiction. Further, the Court finds that granting plaintiffs leave to file an amended complaint, since their claim is now ripe against the United States, would be futile as well since, "a premature complaint cannot be cured through amendment, but instead, plaintiff[s] must file a new suit." *Duplan v. Harper*, 188 F.3d 1195, 1199 (10th Cir. 1999) (citing *Sparrow v. USPS*, 825 F. Supp. 252, 254-55 (E.D. Cal. 1993) (internal quotations omitted).

IV.     Conclusion

Accordingly, for the reasons set forth above, the Court GRANTS Defendants' Motion to Dismiss with Brief in Support [docket no. 22] and DISMISSES defendants the United States of America ex rel. United States Department of Health & Human Services and Chickasaw Nation Medical Center. Further, in light of Defendants' dismissal, the Court is unclear as to whether it still has jurisdiction over this matter based on diversity of citizenship, pursuant to 28 U.S.C. § 1332. As such, the Court DIRECTS plaintiffs to advise the Court on or before August 24, 2016, if diversity jurisdiction still exists in this Court.

**IT IS SO ORDERED this 17th day of August, 2016.**

*[signature: Vicki Miles-LaGrange]*
VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE