# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TERESA LUMAN and MICHAEL D. MARTIN as children and next of kin of Mary Ann Martin, deceased, <br><br> Plaintiffs, <br><br> v. <br><br> TODD M. OZDYCH, D.O., <br><br> Defendant. | Case No. CIV-16-43-M |

## **ORDER**

Before the Court is Defendant Todd M. Ozdych's Motion to Dismiss with Brief in Support, filed March 10, 2017. On March 28, 2017, plaintiffs responded, and on April 4, 2017, defendant replied. Based on the parties' submissions, the Court makes its determination.

Plaintiffs, Teresa Luman and Michael D. Martin, filed this action as the children and next of kin to Mary Ann Martin ("Martin"). Plaintiffs allege that Martin underwent hernia surgery performed by defendant on January 8, 2014. After complications from the surgery, Martin passed away on January 20, 2014. Plaintiffs allege that defendant was negligent in the treatment and care of Martin and that Martin's untimely death did not occur in the usual course of everyday conduct. Defendant now moves this Court to dismiss this matter, pursuant to Federal Rules of Civil Procedure 12(b)(1),(6)-(7) and 19.

Defendant contends that plaintiffs have no standing to assert claims as next of kin and that plaintiffs have failed to timely add necessary and proper parties. Further, defendant

contends that if plaintiffs are allowed to amend their Complaint, he will be prejudiced. Specifically, defendant contends that, pursuant to the Oklahoma Wrongful Death statute, plaintiffs have not joined all of Martin's next of kin in this matter, as Martin has two additional children Terri Lynn Martin ("T. Martin") and Steven Craig Martin ("S. Martin"). Further, defendant contends that plaintiffs are now prohibited from joining T. Martin and S. Martin to this action since: (1) the Court's September 6, 2016 Scheduling Order required additional parties to be joined in this matter within 30 days of the Scheduling Order; (2) the statute of limitations bars T. Martin and S. Martin from bringing a wrongful death claim against defendant; and (3) defendant will be prejudiced if S. Martin and T. Martin are allowed to be joined to this action. Plaintiffs contend this matter should not be dismissed and request permission for leave to add T. Martin and S. Martin to this matter, as they have articulated a viable claim against defendant.

In Oklahoma, "[w]hen the death of one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action therefor against the latter . . . if the former might have maintained an action, had he or she lived, against the latter, … for an injury for the same act or omission." Okla. Stat. tit. 12, § 1053(A). Further, in cases in which the deceased has no personal representative, the action "may be brought by the widow, or where there is no widow, by the next of kin of such deceased." *See* Okla. Stat. tit. 12, § 1054. "The term 'next of kin,' used in § 1053, has been defined as including all who would be entitled to share in the distribution of the personal property of the deceased, [pursuant to Okla. Stat. tit. 84, § 213(B)(1)&(2)]". *Ouellette v.*

*State Farm Mut. Auto Ins. Co.,* 918 P.2d 1363, 1367 (Okla. 1994) (internal citations omitted).

The Oklahoma Court of Civil Appeals addressed the issue of who may sue in a wrongful death action in the context of substituting parties in *Weeks v. Cessna Aircraft Co.,* 895 P.2d 731 (Okla. Civ. App. 1994). The court stated:

> In the spirit of the Oklahoma Pleading Code and the Federal Rules of Civil Procedure, we believe that the interpretation of the statute with regard to substitution of parties should emphasize substance over form. Therefore, we hold that timely filing by any of the enumerated parties 'who may sue' will properly commence a wrongful death action.
>
> \*       \*       \*       \*
>
> Consequently, we find that it is appropriate to treat substitution of plaintiffs in wrongful death actions just as they would be treated in other civil actions, so long as the filing party is one of the enumerated parties entitled to sue under section 1053. . . . . We find that substitution should be allowed where a mistake caused the improper party to be listed as Plaintiff, where the action was filed within the statutory period, and where the proper party consents to substitution. In accordance with section 2017, the substitution should have the effect of relating back to the filing of the original action.

*Id.* at 735.

Having carefully reviewed the parties' submissions, as well as case law related to this matter, the Court finds that plaintiffs should be granted leave to add T. Martin and S. Martin to this matter, for the same reasons that the court in *Weeks* allowed the substitution of the real party in interest in that matter. Specifically, the Court finds that the joinder of T. Martin and S. Martin to this action will not prejudice defendant because the claims

asserted against defendant will not change with the addition of T. Martin and S. Martin. Further, the Court finds that T. Martin and S. Martin's claims against defendant are not barred, because the addition of the two new parties will relate back to the original claim brought by plaintiffs, pursuant to Federal Rule of Civil Procedure 15(c)(1)(B). Therefore, the Court finds that this action should not be dismissed.

Accordingly, the Court DENIES Defendant Todd M. Ozdych's Motion to Dismiss with Brief in Support [docket no. 34] and GRANTS plaintiffs leave to join parties Terri Lynn Martin and Steven Craig Martin in this action as "next of kin" plaintiffs on or before May 12, 2017.

**IT IS SO ORDERED this 8th day of May, 2017.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE